UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

March 4, 2016

**LETTER OPINION & ORDER**

TO ALL COUNSEL OF RECORD

    Re:    Fox Paper Ltd. v. Hanover Insurance Co.,
              14-6730 (WJM) (MF)

Dear Counsel:

      As you are aware, this is a breach of an insurance contract case relating to Hurricane Sandy. The basis for federal subject matter jurisdiction is diversity jurisdiction. See Compl., ¶ 5; 28 U.S.C. § 1332. Before the Court is Plaintiff's letter application seeking leave to file an amended complaint. The proposed amendment will add a non-diverse defendant to the case, destroying diversity jurisdiction and compelling dismissal of the case without prejudice to re-filing the action in state court. The request to amend is opposed. It is decided without argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's request for leave to file an amended complaint is **GRANTED**.

**Relevant Background**[1]

Plaintiff Fox Paper is a New York corporation.  Defendant Hanover Insurance is a New Hampshire corporation with its principal place of business in Massachusetts.   Fox Paper is the insured on a Businessowners' Insurance Policy issued by Hanover, which covered Fox's property (including inventory and equipment) located in a warehouse in Brooklyn, New York.  Fox claims that winds associated with Sandy damaged the warehouse and caused "wind-driven rain" to enter the building, destroying a "substantial portion of Fox's business personal property." A portion of Fox's property was also destroyed by flood waters, which Fox concedes is not covered by the Hanover policy.  Hanover denied Fox's claim for coverage in its entirety, claiming that virtually all the damages were caused by flooding.

By letter dated November 19, 2015, Fox requested leave to add its insurance broker, Sano Brokerage Co., as a defendant in the action, alleging that Sano failed to recommend and secure flood coverage.  Sano is a New York corporation.  Therefore, the addition of Sano as a direct defendant would destroy federal diversity jurisdiction.

By submission dated December 7, 2015, Hanover opposed leave to amend.  It contends that the amendment is untimely and would cause the parties to begin the litigation anew in state court.

**Decision**

Fox's request is governed by Federal Rule of Civil Procedure 15.[2]  In addition,

---

1  The following is drawn from the parties' submissions.  Citations are omitted.

2  The original scheduling order had an amendment deadline of March 31, 2015.  Since Plaintiff's motion comes after that date, Rule 16's requirement of a showing of "good cause" could arguably be implicated.  However, other dates in the original scheduling order (e.g., for the close of discovery) have been extended, despite the failure to extend the amendment deadline.  This was essentially oversight, and the motion to amend deadline should have been extended along with the close of discovery.  Thus, there is no need for Plaintiff to show "good cause" for leave to amend.  See, e.g., In re

because the amendment is adding a party, certain non-binding case law suggests that the Court should consider Rule 20 relating to joinder of parties.³

Rule 15 provides that once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave to amend is a matter committed to the court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970). The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action." Leased Optical Dep't, Inc. v. Opti-Center, Inc., 120 F.R.D. 476, 479 (D.N.J. 1988) (quotes omitted).

Rule 20 requires that parties may be joined as defendants if (a) a right to relief is asserted against the parties which is predicated upon or arises out of a single transaction or occurrence, and (b) there is some question of law or fact common to all parties which will arise in the action. See Morris v. Paul Revere Ins. Grp., 986 F. Supp. 872, 885-86

---

L'Oreal Wrinkle Cream Litig., 2015 WL 5770202 (D.N.J. Sept. 30, 2015). Moreover, Defendant has not argued that Rule 16 should apply.

³ Hanover contends Rule 20 applies citing to State Distributors v. Glenmore Distilleries Co., 738 F.2d 405, 417 (10th Cir. 1984) and Wyant v. Nat'l RR Passenger Corp., 881 F. Supp. 919, 922 (S.D.N.Y. 1995). Wholly apart from their non-binding nature, the cases are distinguishable; both involved complaints removed from state court and a post-removal requests to amend that would alter diversity and require remand. In this district, it is well-established, that the *Hensgens* factors apply to removed cases, regardless of Rule 20. See City of Perth Amboy v. Safeco, 539 F. Supp. 2d 742, 746 (D.N.J. 2008) (Martini, J.). Putting that aside, in contrast to the cases Hanover cites, this case was originally filed in federal court, not removed from state court. Hanover cites no case law that Rule 20 must be considered in such circumstances. Nevertheless, the Court accepts that Rule 20 applies and considers it for purposes of completeness.

(D.N.J. 1996).[4]

Fox's motion is **granted** for the following reasons.

First, the claims in this case relate to damage in a warehouse caused by Hurricane Sandy. Hanover has raised a defense to the claim that the damage was caused by flooding, which Fox disputes. The issue of flood coverage is what the focus of the proposed claim against the broker is comprised of. Given the nature of the amendment, which brings the issue of flood coverage into the case, it does not make sense to litigate that issue separately against the broker when there is one common nucleus of operative fact. It is true that there are slight distinctions in the legal theories between Fox's claims against Hanover and those against Sano, but the whole dispute involves Sandy; whether the damage was wind or flood related; and the coverage that Fox did or did not have. The Sandy event constitutes a single occurrence. And there are sufficiently common questions of fact relating to the event to satisfy Rule 20.

Second, the traditional Rule 15 factors also support amendment. There is no prejudice, which is considered "the touchstone for the denial of an amendment." <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406,1414 (3d Cir. 1993). Incidental prejudice is insufficient grounds on which to deny leave to amend. <u>See</u> <u>In re Caterpillar, Inc.</u> , 67 F. Supp. 3d 663, 668 (D.N.J. 2014). Hanover's papers do not articulate any prejudice that will result from the amendment, and there is none, as the only result of the amendment may be a slight delay in resolution of the lawsuit. That is not enough to deny leave to amend.

Nor is there undue delay sufficient to deny leave to amend. While it is true Fox got the information supporting the proposed amendment from its own employees and therefore could have known about the amendment earlier, there is no accompanying prejudice resulting from the amendment. And the Third Circuit has made clear that the passage of

---

4 Plaintiff claims that the *Hensgens* factors apply; they do not. *Hensgens* involves application of 28 U.S.C. § 1447(e), which applies only to removed cases.

time standing alone is insufficient to deny leave to amend.  <u>Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978).  Here, there is some delay but no prejudice, which is insufficient to deny leave to amend.  <u>See id.</u>

      Third, Hanover is incorrect that it will be forced to litigate anew in state court.  The discovery that has already taken place in this case will be equally applicable to the case if it is re-filed in state court.

      Finally, judicial efficiency and economy supports the amendment.  It would make no sense for two courts – one federal and one in the state – to address an intertwined dispute between the same parties relating to warehouse and property damage.

      For the reasons stated above, Fox's request to amend is **GRANTED**.  Fox should file its amended complaint within 3 days.

      Upon filing of the amended complaint, the parties should meet and confer and submit a consent order for the dismissal of the case from federal court.

      **SO ORDERED**.

<u>s/Mark Falk</u><br>
**MARK FALK**<br>
**United States Magistrate Judge**